11-2636-cr
United States v. Kaluza

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of June, two thousand twelve.

PRESENT:

> JOSEPH M. MCLAUGHLIN,
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
> *Appellee,*

    -v.-                                              No. 11-2636-cr

JOSEPH KALUZA,
> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**        BRIAN P. COMERFORD, Assistant Federal Public Defender, Western District of New York, Buffalo, NY.

**FOR APPELLEE:**        STEPHAN J. BACZYNSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of conviction of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*) entered June 13, 2011.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Joseph Kaluza appeals a judgment of conviction entered on June 13, 2011, following jury trial, of hindering his removal from the United States, in violation of 8 U.S.C. § 1253(a)(1)(B), by failing to apply for a Polish passport.

We assume the parties' familiarity with the factual history and proceedings below. Briefly, Kaluza is a citizen of the Republic of Poland who entered the United States as a visitor in 1986 and never left. In 2004, removal proceedings were commenced, culminating in the entry of a deportation order on June 9, 2008.

Deportation Office Joseph T. Koson was assigned responsibility for effecting the removal of Kaluza back to Poland. To that end, Koson contacted the Polish Consulate to ascertain what documents Poland would require before allowing Kaluza to reenter. The Consular Officer to whom Koson spoke advised that Poland would require Kaluza to personally make application for a passport.

As an alien subject to a final order of removal, Kaluza was statutorily obligated to apply for any documents necessary to facilitate his departure from the United States. 8 U.S.C. § 1253(a)(1)(B). On numerous occasions, however, Kaluza refused to execute the papers necessary to obtain a Polish passport. As a result, an indictment was returned against Kaluza charging him with a single violation of 8 U.S.C. § 1253(a)(1)(B) for hindering his removal from the United States.

To prove its case at trial, the Government called Koson to testify about his conversation with the Polish Consular Officer for the purpose of establishing the procedures with which Kaluza was required to comply to be granted reentry to Poland. Kaluza objected, contending that Kosen's testimony constituted impermissible hearsay evidence and violated his right to confrontation under the Sixth Amendment to the U.S. Constitution, *see* U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."). The District Court rejected Kaluza's argument and allowed Koson to testify about his discussions with the Polish Consulate.

On appeal, Kaluza argues that the District Court erred in permitting Koson, who is not a representative of the Polish Government, to testify at trial that Poland would not readmit Kaluza unless he applied for a Polish passport, and that permitting this testimony violated Kaluza's right to confrontation under the Sixth Amendment.

## *DISCUSSION*

We review whether a witness's testimony violated a defendant's right to confrontation *de novo. See, e.g., United States v. Mejia*, 545 F.3d 179, 198–99 (2d Cir. 2008).

Following this review, we affirm the judgment of the District Court. The statements of the Polish Consular Officer to Koson about Poland's passport issuance procedures were non-testimonial within the meaning of *Crawford v. Washington*, 541 U.S. 36 (2004). Koson's primary purpose in speaking to the Polish Consulate was to ascertain what procedures were necessary to effect Kaluza's removal to Poland, rather than to gather evidence for Kaluza's eventual prosecution. *See Michigan v. Bryant*, 131 S. Ct. 1143, 1155 (2011); *Davis v. Washington*, 547 U.S. 813, 827–28 (2006); *Crawford*, 541 U.S. at 56 n.7. Accordingly, the District Court's decision to admit Koson's testimony regarding those statements did not violate Kaluza's Sixth Amendment right to confrontation.

## *CONCLUSION*

We have considered all of Kaluza's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3